UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 9 2012

David J. Bradley, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| V. § § § | CRIMINAL NO. M-12-0191-S2 |
| DANIEL NUNEZ § also known as Lacra § also known as Comandante § also known as Padron § | **SEALED** |
| RAFAEL FIGUEROA-VARGAS § also known as Rafa § JESUS ANTONIO GONZALEZ § JORGE LUGO MARTINEZ § ALBERTO GOMEZ § also known as Pajaro § also known as Bird § ALEJANDRO AMAYA § also known as Cabezon § JAMES PAUL WALKER § MIGUEL GONZALEZ § TERRY GRIFFIN § RICARDO ORTIZ § also known as Bastardo § SERAPIO CASTRO § also known as Chopper § ★ JOSE G. MORENO § also known as Bisco § RODOLFO CASTILLO § also known as Fito § JESUS JOSE JIMENEZ, JR. § ✦✦ DELFINO GARCIA § also known as Boss § CLEOFAS ALBERTO MARTINEZ § GUTIERREZ § also known as El Guero § JUAN GREGORIO MENDOZA SAENZ § also known as Tejon § § | |

ROGELIO ORTIZ §
JUAN REYNALDO BENAVIDES §
§

## SEALED SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### Count One

From on or about August, 2009 to on or about February 6, 2012 in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**DANIEL NUNEZ**
also known as Lacra
also known as Comandante
also known as Padron

also known as Secre
also known as Puerco
**RAFAEL FIGUEROA-VARGAS**
also known as Rafa
**JESUS ANTONIO GONZALEZ**
**JORGE LUGO MARTINEZ**
**ALBERTO GOMEZ**
also known as Pajaro
also known as Bird
**ALEJANDRO AMAYA**
also known as Cabezon
**JAMES PAUL WALKER**
**MIGUEL GONZALEZ**
**TERRY GRIFFIN**
**RICARDO ORTIZ**
also known as Bastardo
**SERAPIO CASTRO**
also known as Chopper
**JOSE G. MORENO**
also known as Bisco
**RODOLFO CASTILLO**
also known as Fito
**JESUS JOSE JIMENEZ, JR.**
**DELFINO GARCIA**
also known as Boss
**CLEOFAS ALBERTO MARTINEZ GUTIERREZ**
also known as El Guero

## JUAN GREGORIO MENDOZA SAENZ
### also known as Tejon

### also known as Mundo
### ROGELIO ORTIZ
### and

did knowingly and intentionally conspire and agree together and with other person or persons known and unknown to the Grand Jurors to knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

## Count Two

From on or about August 2009 until or on about February 6, 2012 in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

### DANIEL NUNEZ
### also known as Lacra
### also known as Comandante
### also known as Padron
### CLEOFAS ALBERTO MARTINEZ GUTIERREZ
### also known as El Guero
### and
### JUAN REYNALDO BENAVIDES

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jurors to transport, transmit and transfer and attempt to transport, transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (h).

## Count Three

On or about August 12, 2009, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**DANIEL NUNEZ**
also known as Lacra
also known as Comandante
also known as Padron

**CLEOFAS ALBERTO MARTINEZ GUTIERREZ**
also known as El Guero
**JUAN GREGORIO MENDOZA SAENZ**
also known as Tejon
and

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 100 kilograms, that is, approximately 314 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## Count Four

Beginning on or about October 23, 2009 and continuing until on about October 30, 2009 in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**DANIEL NUNEZ**
also known as Lacra
also known as Comandante
also known as Padron
**CLEOFAS ALBERTO MARTINEZ GUTIERREZ**
also known as El Guero
and
**JUAN REYNALDO BENAVIDES**

did attempt to transport monetary funds, that is approximately $356,650.00 in United States currency, from a place in the United States, that is Florida, to a place outside the United States, that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

## Count Five

On or about May 17, 2011 in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**DANIEL NUNEZ**
**also known as Lacra**
**also known as Comandante**
**also known as Padron**

**RAFAEL FIGUEROA-VARGAS**
**also known as Rafa**
**MIGUEL GONZALEZ**
**and**
**CLEOFAS ALBERTO MARTINEZ GUTIERREZ**
**also known as El Guero**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 100 kilograms, that is, approximately 497.5 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## Count Six

On or about June 22, 2011 in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**DANIEL NUNEZ**
**also known as Lacra**
**also known as Comandante**
**also known as Padron**
**CLEOFAS ALBERTO MARTINEZ GUTIERREZ**
**also known as El Guero**
**JUAN GREGORIO MENDOZA SAENZ**
**also known as Tejon**
**and**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 100 kilograms, that is, approximately 409.5 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## Count Seven

From on or about August 28, 2011 until on or about August 29, 2011 in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**DANIEL NUNEZ**
**also known as Lacra**
**also known as Comandante**
**also known as Padron**

**ALBERTO GOMEZ**
also known as Pajaro
also known as Bird
**RICARDO ORTIZ**
also known as Bastardo
and
**CLEOFAS ALBERTO MARTINEZ GUTIERREZ**
also known as El Guero

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms, that is, approximately 1,272 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Eight

On or about October 22, 2011, in the Southern District of Texas, and within the jurisdiction of the court, defendants,

**DANIEL NUNEZ**
also known as Lacra
also known as Comandante
also known as Padron
**JORGE LUGO MARTINEZ**
**ALBERTO GOMEZ**
also known as Pajaro
also known as Bird
**TERRY GRIFFIN**
**RICARDO ORTIZ**
also known as Bastardo
**SERAPIO CASTRO**
also known as Chopper
**CLEOFAS ALBERTO MARTINEZ GUTIERREZ**
also known as El Guero

and
**ROGELIO ORTIZ**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms, that is, approximately 1,181 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## Count Nine

From on or about February 4, 2012 to on or about February 6, 2012, in the Southern District of Texas, and within the jurisdiction of the court, defendants,

**DANIEL NUNEZ**
also known as Lacra
also known as Comandante
also known as Padron
**JESUS ANTONIO GONZALEZ**
**JORGE LUGO MARTINEZ**
**ALBERTO GOMEZ**
also known as Pajaro
also known as Bird
**ALEJANDRO AMAYA**
also known as Cabezon
**JAMES PAUL WALKER**
**JOSE G. MORENO**
also known as Bisco
**RODOLFO CASTILLO**
also known as Fito
and
**CLEOFAS ALBERTO MARTINEZ GUTIERREZ**
also known as El Guero

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms, that is, approximately 1,243 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

### Count Ten

On or about February 5, 2012, in the Southern District of Texas, and within the jurisdiction of the court, defendants,

**DANIEL NUNEZ**
**also known Lacra**
**also known as Comandante**
**also known as Padron**
**JESUS JOSE JIMENEZ, JR.**
**DELFINO GARCIA**
**also known as Boss**
**and**
**CLEOFAS ALBERTO MARTINEZ GUTIERREZ**
**also known as El Guero**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was more than 1,000 kilograms, that is, approximately 1,263 kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## NOTICE OF FORFEITURE

As a result of the foregoing violations of Title 21, United States Code, Sections 841(a) and 846, defendant,

**DANIEL NUNEZ**
**also known Lacra**
**also known as Comandante**
**also known as Padron**

shall, pursuant to Title 21, United States Code, Section 853(a), forfeit to the United States all of his interest in all property constituting or derived from any proceeds the defendants obtained either directly or indirectly from said violations as well as all of their interest in all property used or intended to be used in any manner to commit or facilitate the commission of said violations, including but not limited to:

### A.

The south 227.37 feet of the north 711.81 feet of Lot 7, block 42, Missouri-Texas Land and Irrigation Company Subdivision, Hidalgo County, Texas. According to map thereof recorded in Volume 1, Page 29, map records of Hidalgo County, Texas.

### B.

A 7.00 acre tract of land more or less, being south 231.0 feet of the north 484.44 feet of Lot 7, Block 42, Missouri-Texas Land and Irrigation Company Subdivision, Hidalgo County, Texas. According to the map recorded in Volume 1, Page 29, map records in the Office of the County Clerk of Hidalgo County, Texas.

### C.

The south 11.0 acres of Lot 150, Delta Orchards Company Unit 2, Hidalgo County, Texas,

according to the map thereof recorded in Volume 6, Page 33, map records in the Office of the County Clerk of Hidalgo County, Texas.

If any property subject to forfeiture by Title 21, United States Code, Section 853(a), as a result of any act or omission of any defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to a third person or entity;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any and all other property of said defendants as substitute assets for the property whose forfeiture has been impeded for reasons (1), (2), (3), (4), or (5) described above.

As a result of the foregoing violations of Title 18, United States Code, Section 1956, defendant,

**DANIEL NUNEZ**
**also known Lacra**
**also known as Comandante**
**also known as Padron**

shall, pursuant to Title 18, United States Code, Section 982(a)(1), forfeit to the United States all of his interest in all property involved in or traceable to such offense, including but not limited to:

A.

The south 227.37 feet of the north 711.81 feet of Lot 7, block 42, Missouri-Texas Land and

Irrigation Company Subdivision, Hidalgo County, Texas. According to map thereof recorded in Volume 1, Page 29, map records of Hidalgo County, Texas.

### B.

A 7.00 acre tract of land more or less, being south 231.0 feet of the north 484.44 feet of Lot 7, Block 42, Missouri-Texas Land and Irrigation Company Subdivision, Hidalgo County, Texas. According to the map recorded in Volume 1, Page 29, map records in the Office of the County Clerk of Hidalgo County, Texas.

### C.

The south 11.0 acres of Lot 150, Delta Orchards Company Unit 2, Hidalgo County, Texas, according to the map thereof recorded in Volume 6, Page 33, map records in the Office of the County Clerk of Hidalgo County, Texas.

If any property subject to forfeiture by Title 18, United States Code, Section 982 (a)(1), as a result of any act or omission of any defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to a third person or entity;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek the forfeiture of any and all other property of said defendants including any property charged above and determined not be subject to forfeiture by 18 United States Code, Section 982(a)(1), as

substitute assets for the property whose forfeiture has been impeded for reasons (1), (2), (3), (4) or (5) described above.

As a result of the foregoing violations of Title 21, United States Code, Sections 841(a) and 846, defendants,

**DANIEL NUNEZ**
**also known Lacra**
**also known as Comandante**
**also known as Padron**
**SERAPIO CASTRO**
**also known as Chopper**

shall, pursuant to Title 21, United States Code, Section 853(a), forfeit to the United States all of his interest in all property constituting or derived from any proceeds the defendants obtained either directly or indirectly from said violations as well as all of their interest in all property used or intended to be used in any manner to commit or facilitate the commission of said violations, including but not limited to:

A.

Lot(s) 7, Lantana Acres, as shown by the map or plat thereof, recorded in Volume 33, Pages 191, and 192 of the map records of Hidalgo County, Texas. Subject to: Easement and Right of Way 04/21/2003 2007-1835659.

If any property subject to forfeiture by Title 21, United States Code, Section 853(a), as a result of any act or omission of any defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to a third person or entity;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any and all other property of said defendants as substitute assets for the property whose forfeiture has been impeded for reasons (1), (2), (3), (4), or (5) described above.

As a result of the foregoing violations of Title 21, United States Code, Sections 841(a) and 846, defendants,

**DANIEL NUNEZ**
**also known Lacra**
**also known as Comandante**
**also known as Padron**
**ALEJANDRO AMAYA**
**also known as Cabezon**

shall, pursuant to Title 21, United States Code, Section 853(a), forfeit to the United States all of his interest in all property constituting or derived from any proceeds the defendants obtained either directly or indirectly from said violations as well as all of their interest in all property used or intended to be used in any manner to commit or facilitate the commission of said violations, including but not limited to:

**A.**

Lot(s)8, Lantana Acres, as shown by the map or plat thereof, recorded in Volume 33, Pages 191, and 192 of the map records of Hidalgo County, Texas.

If any property subject to forfeiture by Title 21, United States Code, Section 853(a), as a result of any act or omission of any defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to a third person or entity;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any and all other property of said defendants as substitute assets for the property whose forfeiture has been impeded for reasons (1), (2), (3), (4), or (5) described above.

As a result of the foregoing violations of Title 21, United States Code Sections 841(a) and 846, defendants,

**DANIEL NUNEZ**
also known as Lacra
also known as Comandante
also known as Padron

**RAFAEL FIGUEROA-VARGAS**
also known as Rafa
**JESUS ANTONIO GONZALEZ**
**JORGE LUGO MARTINEZ**
**ALBERTO GOMEZ**
also known as Pajaro
also known as Bird
**ALEJANDRO AMAYA**
also known as Cabezon
**JAMES PAUL WALKER**
**MIGUEL GONZALEZ**
**TERRY GRIFFIN**
**RICARDO ORTIZ**
also known as Bastardo

**SERAPIO CASTRO**
also known as Chopper
**JOSE G. MORENO**
also known as Bisco
**RODOLFO CASTILLO**
also known as Fito
**JESUS JOSE JIMENEZ, JR.**
**DELFINO GARCIA**
also known as Boss
**CLEOFAS ALBERTO MARTINEZ GUTIERREZ**
also known as El Guero
**JUAN GREGORIO MENDOZA SAENZ**
also known as Tejon

and
**ROGELIO ORTIZ**

shall, pursuant to Title 21, United States Code, Section 853(a), forfeit to the United States all of their interest in all property constituting or derived from any proceeds the defendants obtained either directly or indirectly from said violations as well as all of their interest in all property used or intended to be used in any manner to commit or facilitate the commission of said violations.

If any property subject to forfeiture by Title 21, United States Code, Section 853(a), as a result of any act or omission of any defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to a third person or entity;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any and all other property of said defendants as substitute assets for the property whose forfeiture has been impeded for reasons (1), (2), (3), (4), or (5) described above.

As a result of the foregoing violations of Title 18, United States Code, Section 1956, defendants,

**DANIEL NUNEZ**
**also known as Lacra**
**also known as Comandante**
**also known as Padron**
**CLEOFAS ALBERTO MARTINEZ GUTIERREZ**
**also known as El Guero**
**and**
**JUAN REYNALDO BENAVIDES**

shall, pursuant to Title 18, United States Code, Section 982(a)(1), forfeit to the United States all of their interest in all property constituting or derived from any proceeds the defendants obtained either directly or indirectly from said violations as well as all of their interest in all property used or intended to be used in any manner to commit or facilitate the commission of said violations.

If any property subject to forfeiture by Title 18, United States Code, Section 982 (a)(1), as a result of any act or omission of any defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to a third person or entity;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek the forfeiture of any and all other property of said defendants including any property charged above and determined not be subject to forfeiture by 18 United States Code, Section 982(a)(1), as substitute assets for the property whose forfeiture has been impeded for reasons (1), (2), (3), (4) or (5) described above.

A TRUE BILL

FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

ASSISTANT UNITED STATES ATTORNEY